Thomson, P. J.
On the 21st day of May, 1896, James S. Bush commenced *505 this action against K. H. McMann and Charles C. Cheever, to recover damages sustained by him in consequence of a written communication from Cheever, by his agent McMann, to a mortgagee of the plaintiff’s chattels, which caused the holder of the mortgage to foreclose it, thereby sacrificing the property of the plaintiff. There was no service of summons upon Cheever, and no appearance by him. The defendant McMann demurred to the complaint on the grounds, among others, that it did not state a cause of action against him, and that, upon the face of the complaint, the cause of action did not accrue within one year next before the commencement of the suit. The demurrer was sustained, and the plaintiff filed an amended complaint. This last pleading Avas stricken out on motion of McMann, on the ground that it Avas in effect, only a repetition of the pleading of which it was an alleged amendment. Judgment Avas then entered dismissing the action at the plaintiff’s costs. The judgment purports to be in favor of both defendants, but as Cheever was not summoned, and did not appear, no judgment for him could be rendered, and the judgment was, therefore, in favor of McMann only. The plaintiff has brought the case here by Avrit of error. The ruling on the demurrer, and the striking out of the amended complaint, are assigned for error.
It is argued for McMann that by filing an amended complaint, the plaintiff waived his right to assign error upon the ruling sustaining the demurrer. We do not say that this point is not well made, but we are disposed to give the plaintiff the benefit of the assignment, and inquire into the sufficiency of the complaint. Its allegations were that on April 20, 1894, the plaintiff and one Bolsinger leased certain premises in Denver, from Cheever, for three years, at a monthly rental of $250 ; that Bolsinger, some time over a month after-wards, assigned his interest in the lease to the plaintiff; that the plaintiff expended on the premises $4,500; that the premises were used by him for the purposes of a saloon, and Avere worth to him for his business $400 a month above expenses; that on the 20th day of April, 1894, he executed to one Mitch *506 ell, for the Denver National Bank, a chattel mortgage upon his interest in the counters, fixtures, and other property on the premises, to secure his note for $500 ; that the defendants knew of the existence of the mortgage, and knew that the Denver National Bank was its real owner; that, from time to time, the plaintiff paid the rent due upon the premises to the defendant McMann, as thé agent of Cheever, until the 20th day of July, 1894, and that on that day he paid to McMann, as such agent, the rent in advance until the 20th day of September, 1894; that before the expiration of the time for which the rent was paid, in the absence of the plaintiff, without his knowledge or consent, and for the purpose of injuring the plaintiff, and causing the Denver National Bank to foreclose its mortgage, the defendants maliciously caused the following notice to be served on A. H. Martin, the attorney for the bank:
“ Denver, Colo., July 27th, 1894.
“ Mr. A. H. Martin,
“Dear Sir: You are hereby notified that Mess. Bolsinger & Bush have made no arrangements concerning rent for premises known as No. 1703 Larimer Street, and that after today I shall look to you for same.
“ Respectfully yours,
“ Charles G. Cheever,
“By R. H. McMann.”
The complaint further averred that, by reason of the notice, the Denver National Bank foreclosed its mortgage, and sold the mortgaged property, so that not only the property, but all the expenditures of. the plaintiff upon the premises, were wholly lost to him.
According to tins complaint, the injury was the result of the written notice. The notice was alleged as the sole cause of the damage. Any writing by means of which one is injured in his reputation or business is libelous. Newell on Slander and Libel, 34, 193; McKenzie v. Denver Times, 3 Colo. App. 554. This action is therefore a suit for libel, and *507 the complaint must be tested by the law applicable to that class of cases. We do not think that the words contained in the notice, are actionable per se ; they convey no imputation upon the character of the plaintiff as a man, neither do they impugn his integrity as a merchant or trader, or imply that he was insolvent or financially embarrassed. To say that he had made no arrangements concerning rent, was not to say that he had refused to pay rent, or was unable or unwilling to pay it, or that there was any reason to fear that he would not pay it, if it was justly payable. The statement that the defendant would look to Martin for the rent after July 27, being wholly unexplained, involved no tangible charge against the plaintiff. The plaintiff seems to have taken the same view of the words complained of, because the only damage alleged in the complaint, and the only damage for which judgment is prayed, is special damage.' The recovery of such damage is allowable where the words are not actionable in themselves, but it is incumbent upon the complaining party to plead and prove that the damage was occasioned by the words, and that it was their natural and proximate consequence. Pollard v. Lyon, 91 U. S. 225, 236 ; Newell on Slander and Libel, 849, et seq. In this complaint it is alleged that the damage resulted from the foreclosure of the mortgage, and that the service of the notice caused the foreclosure, but it is not stated in.what manner the notice did, or possibly could, bring about that result. The complaint does not say when the debt secured by the mortgage became due, nor does it say that the mortgage authorized a foreclosure, for any cause, before its maturity. The presumption is that when tlie foreclosure proceedings were commenced, the debt was due, — without special authority conferred by the mortgage, they could not have been commenced earlier, — and if the debt was due, it was incumbent on the holder to proceed with due diligence to a foreclosure, or, as against other creditors, run the risk of losing the benefit of the security. Brereton v. Bennett, 15 Colo. 254; Allen v. Steiger, 17 Colo. 552. We find no facts in the *508 complaint to indicate that the notice was in any manner responsible for the action of the bank, or that the bank would not have done as it did if the notice had not been given. On a hypothesis fully warranted by the complaint, the bank simply took steps which it was compelled to take in order to avoid the loss of its security, and its measures were neither hastened nor retarded by the notice. A complaint for libel which alleges special damage as a consequence of words apparently harmless in themselves, which fails to explain by facts how the words produced the damage, is not a good complaint. The first ground of demurrer was well taken. On the second, a ruling, other than the one made would have been erroneous. It is provided by our statute of limitations that all actions for slanderous words and for libels shall be commenced within one year, next after the cause of action shall accrue, and not afterwards. Gen. Stats, sec. 2164. Here the notice which is the subject of complaint bears date July 27, 1894. According to the complaint, it was served before September 20, 1894, and this suit was begun on the 21st day of May, 1896. Therefore more than a year had elapsed between the time of the service of the notice and the time of the commencement of the action, and the suit was barred.
The amended complaint sets forth the same lease from Oheever, the same mortgage to Mitchell, for the bank, and the same notice from McMann to Martin. Instead of pleading the mortgage generally, as in the former complaint, it gives the contents of the instrument, from which it appears that the mortgagee might, if at any time he felt insecure, "or unsafe in Ms security, proceed to a foreclosure, whether the debt was due or not. It also appears from this pleading that at the time the bank foreclosed, the note which the mortgage secured was due, so that what, under the former obligations, was merely a presumption, is stated as a fact. It adds nothing to the other, in the way of showing how the foreclosure was, or could have been, influenced by the notice; and thus far there is no substantial difference between the two com *509 plaints. But it sets up another mortgage, executed by the plaintiff and one Smith to the Anheuser-Busch Brewing Company, upon property on the leased premises, on the 3d day of May, 1894, to secure notes to that company, due in one, two, four and six months, which mortgage also provided that the mortgagee might, upon feeling insecure, or unsafe in the security, before the full payment of the indebtedness, foreclose its mortgage, and that after service of the notice upon Martin, of which the brewing company is alleged to have had knowledge, the company did proceed to a foreclosure. The first two notes were due before the foreclosure, and it is not alleged that they were paid, — indeed it pretty distinctly appears that they were not, — so that if the company was actuated by a feeling of insecurity ip proceeding to extremities, the insecurity was most probably occasioned by the failure of the makers of the notes to pay those due at their maturity. This failure is the only reason to be gathered from the pleading from which the insecurity may be deduced, and nothing is said in the way of fact to connect the action of the company with the notice. While the amended- complaint introduced a new element of damage, nevertheless there was no such dissimilarity between the two pleadings as to constitute a substantial difference. The object in amending a pleading is to supply deficiencies in its material statements, and when these are left uncorrected, notwithstanding the form may be varied, and the same matter given in greater detail, the difference is unimportant, and the privilege to amend is abused. The action of the defendants which was the subject of complaint, was the notice to Martin. It was alleged that damage was sustained by reason of that notice. The first complaint was bad, because it did not show how the notice produced the damage. Both complaints embraced the same subject-matter, and in respect to material averments, the second contained nothing which is not found in the first.' The damage alleged was the confiscation of the property, and the question was as to the responsibility of the defendants for the loss, and that there were two mortgages instead of *510 one, is inconsequential, so long as the facts touching the defendants’ liability, were left the same.
In another respect also, the second complaint was a repetition of the first. On the face of the original pleading, it appeared that the action was barred by the statute of limitations. One of the grounds of the demurrer was that the statute had run against the claim, and one of the reasons for allowing amendment, was to enable the plaintiff to obviate that objection; but he made no attempt to do so, and, in respect to that feature of his case, simply reiterated his former allegations. As to the grounds upon which the charge of liability against the defendants was based, and as to the time when the plaintiff’s cause of action accrued, the second pleading was the same, as the first. It was therefore not an amended complaint within the meaning of the law, and was properly stricken out. Hurd v. Smith, 5 Colo. 283.
The judgment will be affirmed.

Affirmed.