### Eugene McDonald *vs.* Henry Green & trustees.

Suffolk.     January 11, 1900. — May 17, 1900.

Present: Holmes, C. J., Morton, Lathrop, Barker, & Hammond, JJ.

*Tort for Slander of Title — Trustee Process.*

An action of tort for slander of title cannot be commenced by trustee process.

Tort, begun by trustee process.   The declaration alleged that the plaintiff was the owner of certain real estate in Boston; that on October 15, 1897, he executed and delivered to one Israel Nesson a mortgage of the real estate to secure the payment of $3,000, of which $500 was to be paid on demand, and $100 every three months thereafter until the full amount of principal should be paid, together with interest; that on April 8, 1898, Nesson assigned the mortgage to the defendant Green; that the plaintiff observed and complied with all the conditions of the mortgage, and kept and performed all the terms thereof; that notwithstanding this fact the defend-

ant Green falsely, maliciously, and without any justifiable cause began foreclosure proceedings under the mortgage, and to this end published in the Boston Evening Traveller a notice of the time and place of the foreclosure sale, falsely alleging that the same was for breach of the condition contained in the mortgage; and that in consequence of this unlawful act of the defendant Green the plaintiff was greatly injured in his property and was put to great expense and trouble in restraining the defendant Green from proceeding with the foreclosure, and lost a profitable exchange of the property which was in process of negotiation at the time the foreclosure proceedings were commenced.

The defendant Green moved to dismiss on the ground that the action had been improperly brought by trustee process, such action being forbidden by Pub. Sts. c. 183, § 1, and not being authorized by the common law. He also demurred to the declaration, assigning as ground therefor that the plaintiff had not set forth any right of action either at common law or under the statutes of the Commonwealth; and that he had not shown by his declaration that he had suffered any damage or injury for which he has a remedy either under the statutes of this Commonwealth or at common law.

The Superior Court overruled the motion to dismiss, sustained the demurrer, and ordered judgment for the defendant. The plaintiff and the defendant both appealed.

*T. F. McDonough,* for the plaintiff.

*S. H. Smith,* (*A. Boyden* with him,) for the defendant.

BARKER, J. 1. The defendant's motion to dismiss the action should have been allowed. The action is in tort, and the substantive wrong charged is that the defendant falsely and maliciously and without justifiable cause began to foreclose a mortgage which he held upon the plaintiff's land, there having been no breach of the terms or conditions of the mortgage, and published in a newspaper a notice of the foreclosure sale, falsely alleging that the sale was for breach of the condition of the mortgage, and that in consequence of this unlawful act the plaintiff was injured. The alleged maliciously made false statement as to the plaintiff's property was an actionable wrong if by reason of it the plaintiff sustained special damage. *Swan*

v. *Tappan*, 5 Cush. 104.   *Gott* v. *Pulsifer*, 122 Mass. 235.   We have no doubt that such an action is an action of tort for slander within the meaning of Pub. Sts. c. 183, § 1.   There is no reason for limiting the words there used, "actions of tort . . . for slander either by writing or speaking," to actions for the writing or speaking of words defamatory of persons only. . Our statute divides all personal actions into three classes: contract, tort, and replevin.   Pub. Sts. c. 167, § 1.   When actions for slander, or for publishing a libel, are treated of in the subsequent provisions of the same chapter, as in §§ 79, 80, those provisions are applicable to actions of the class commonly known as actions for slander of title, as to actions for defamation of persons.   The provision of Pub. Sts. c. 183, § 1, forbidding actions of tort for slander to be commenced by trustee process, is in the same part of the statutes with Pub. Sts. c. 167, and includes all actions of tort in which the wrong complained of is the writing or speaking of words designed to injure the defendant in his property, as well as those defamatory of his person or reputation.   All such actions are well known and well described as actions of tort for slander.   See Odgers, Libel & Slander, (1st Am. ed.) 137–139.

2. As the action must be dismissed, we do not consider the question of pleading.

> *Order overruling motion to dismiss reversed and motion to dismiss allowed.*