Argued October 8; reversed November 13, 1940

# WOODARD *v.* PACIFIC FRUIT & PRODUCE CO.
## (106 P. (2d) 1043)

*Sidney Teiser*, of Portland (Teiser & Keller, of Portland, and Patterson & Patterson, of Seattle, Wash., on the brief), for appellant.

*C. A. Beckman* and *John D. Galey*, both of Portland, for respondent.

BELT, J.   This is an action to recover damages sustained on account of certain letters—alleged to be false and malicious—written by defendant of and concerning the title to plaintiff's property.   It is generally denominated—although some text writers say improperly—as an action for slander of title.   From a judgment based on the verdict of the jury in favor of the plaintiff in the sum of $3,380.85 special damages and the sum of $2,055 punitive damages, the defendant appeals.

A brief statement of the case will suffice for the purpose of determining whether the action is barred by the statute of limitations. At the time of the commencement of this action on November 4, 1938, plaintiff was and for several years prior thereto had been a stockholder and officer of the Pioneer Cauliflower Growers, a corporation organized for the purpose of cooperatively marketing cauliflower produced by certain growers—including plaintiff—in the vicinity of Troutdale, Oregon.

At the times above mentioned, the defendant Pacific Fruit & Produce Company was and is now a corpora-

tion engaged in business as a fruit and vegetable broker with its principal office in the city of Portland, Oregon. In 1930, the defendant company entered into a written agreement with the Pioneer Cauliflower Growers, Inc., to act as its exclusive agent on commission in the sale of the latter's commodities. The contract, under its terms, continued in existence until cancelled in writing on or before March 1st of any following year; provided, however, that no right of termination existed on the part of the Pioneer company, if at such time it was indebted to the defendant company. The record does not disclose the termination of the contract. In 1932, the defendant company advanced $1,400 to the Pioneer company, taking as evidence of such indebtedness the Pioneer company's corporate note. This money was parcelled out to various stockholders of the Pioneer company to enable them to grow and harvest crops. Notes from the stockholders for the money thus advanced were taken by the Pioneer company and placed by it with the defendant company as collateral security. The plaintiff, Keith Woodard, did not receive any of such funds and was never indebted to the Pioneer company or to the defendant.

On November 18, 1936, the defendant company wrote the following letter to several of its competitors:

"This is to advise you that we hold signed contracts and notes (latter now past due) from the Association formerly known as Pioneer Cauliflower Grower's Assn. but now operated under another name, by Mr. Chick Peterson, Fred Mishey, Jim Babbitt, Jim Pounder, et al.

"This group of growers, collectively and individually, owe us $605.74 and we are hereby notifying you to either hold up funds due above parties or else make checks payable jointly to Pacific Fruit & Produce Co.,

until such time as their indebtedness has been paid or satisfactorily adjusted.''

It is observed that plaintiff is not named in the above letter, but it is alleged and there is some evidence tending to show that the parties who received such letter understood that the plaintiff was included in the group of growers mentioned therein.

It is further alleged by plaintiff that:

''The defendant intended that said written communication should be understood to mean that the plaintiff had contracted to sell his cauliflower, cabbage and other vegetable products to the defendant; that plaintiff had no right to sell his produce to any person, firm or corporation other than the defendant, and was without legal power to give good title in the course of sale to any of his products to any purchaser other than the defendant.''

Plaintiff alleges that, as a result of such letter, he was unable to sell his 1936 crop, thereby sustaining damage in the sum of $880.35 and that he was prevented from borrowing money necessary to produce his 1937 crop, resulting in loss of anticipated profits in the sum of $2,500.

■■ We think the above statement shows that this action is one to recover damages for defamation of plaintiff's title to property. An action for slander of title is based upon the false and malicious statement, oral or written, made in disparagement of the person's title to real or personal property, resulting in special damages: *Cawrse v. Signal Oil*, 164 Or. 666, 103 P. (2d) 729, 129 A. L. R. 174. The action is not for defamation of character of the person and is, therefore, distinguishable from ordinary libel or slander. As said in

*Burkett v. Griffith,* 90 Cal. 532, 27 P. 527, 13 L. R. A. 707, 25 Am. St. Rep. 151:

"Although the term 'slander' is more appropriate to the defamation of the character of an individual, yet the term 'slander of title' has by use become a recognized phrase of the law; and an action therefor is permitted against one who falsely and maliciously disparages the title of another to property, whether real or personal, and thereby causes him some special pecuniary loss or damage."

In *Potosi Zinc Co. v. Mahoney,* 36 Nev. 390, 135 P. 1078, it is said:

"The original application of the term 'slander' was applied more to words or utterances, the nature of which were defamatory to the character of an individual. The term, however, has been made applicable to utterances and words made with reference to property, whether real or personal."

Assuming that the above letter is false and malicious and that, as a result thereof, plaintiff sustained damages as alleged, we are called upon to determine whether the action is barred by the statute of limitations.

Defendant contends that the action is barred by chapter 82, Laws of Oregon for 1909 (codified as subdivision 2 of § 1-207, Oregon Code 1930) which provides that "*All* actions for libel and slander shall be commenced within one year after the cause of action shall have accrued." The word "all" which we have italicized has been eliminated in the codification of the act. In determining the legislative intent as to whether the instant action is governed by limitations applicable to libel or slander, counsel for defendant attaches significance to the inclusive word, "all". Plaintiff asserts that § 1-206 (subdivision 1), Oregon Code 1930,

applies. This section provides a two-year period of limitation for "an action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not herein especially enumerated; * * *" More specifically, plaintiff claims the action is for an "injury * * * to the * * * rights of another, not arising on contract," and that it is not "especially enumerated" in any other section of the statute of limitations.

Plaintiff contends that this is not an action for slander of title, but is an action on the case to recover damages for wrongful injury to his property. All actions for libel or slander are actions on the case, but not all actions on the case are for libel or slander. Regardless of what may be the proper name for this kind of action, we think it clear that it is based on false and malicious statements made concerning plaintiff's property.

The question whether an action on the case for damages resulting from the disparagement of title to property is considered the same as an action for libel and slander under the terms of statutes of limitations has been determined adversely to the contention of the plaintiff in Ohio, New York, and Colorado. It is a new question in this jurisdiction.

*Buehrer v. Provident Mutual Life Ins. Co.*, 123 Ohio St. 264, 175 N. E. 25, is squarely in point. The action was for slander to the title to real property. Section 11225 of the General Code provided that actions for libel and slander must be brought within one year after the cause accrues. A demurrer to the cross petition was interposed on the grounds: (1) That the action was barred by the statute of limitations and (2) that

the cross petition did not contain facts sufficient to constitute a cause of action. Defendant contended that the action was not brought within one year and was therefore barred by the statute applicable to libel and slander. Plaintiff maintained that the commencement of the action was limited by the statute applicable to actions for trespass upon real property and could be brought at any time within the four-year period. The court, in referring to section 11225, said:

"That section comprehends all actions for slander or for libel, and is not limited, in terms, to slander or libel against the person only; nor is it confined to any particular kind of slander—slander of the person rather than of property; nor can we see any legislative purpose in making such a distinction."

It was held that the action was barred by the one-year period of limitations and that the demurrer was properly sustained on that ground. The court also said the demurrer could have been sustained on the further ground that not sufficient facts had been alleged to state a cause of action.

■ When the second amended complaint in this action was heard on demurrer before the Honorable Robert Tucker, presiding judge, the trial court considered what was said by the court in the Ohio case as dictum. We do not so consider it. The issue as to whether the action was barred was clearly before the court for decision. There were two grounds upon which the demurrer could have been sustained. As said in *King v. Pauly*, 159 Cal. 549, 115 P. 210, Ann. Cas. 1912C, 1244, and quoted with approval in *Coombes v. Getz*, 217 Cal. 320, 18 P. (2d) 939:

"* * * where the court bases its decision on two or more distinct grounds, each ground so specified is,

as much as any of the others, one of the grounds, a ruling upon questions involved in the case, and not 'mere dictum'.

Also see *Duncan v. Brown*, 18 N. M. 579, 139 P. 140; *Jones v. Mutual Cream. Co.*, 81 Utah 223, 17 P. (2d) 256, 85 A. L. R. 908.

In *Carroll v. Warner Bros.*, 20 F. Supp. 405 (Dist. Ct. So. Dist. New York), the slander concerned the property of another in a copyright. It was urged that the statute of limitations relative to an ordinary action for slander had no application to a cause of action for slander of title as the latter involved an injury to property only and not to reputation of the person. The court, however, rejected such contention relying largely upon the reasoning of the Ohio court in *Buehrer v. Prov. M. L. Ins. Co.*, supra.

In Colorado, in the case of *Bush v. McMann*, 12 Colo. App. 504, 55 P. 956, a letter was written by a landlord to a mortgagee of his tenant's chattels located on the mortgaged premises, in which notice was given to the mortgagee, at least inferentially, that plaintiff had not paid his rent and that defendant would look to the mortgagee for the payment thereof. The statement concerning the nonpayment of rent was alleged to have been maliciously false and it was claimed resulted in the mortgagee's foreclosing upon the chattels of the plaintiff to his great loss. The complaint was demurred to on the ground, among others, that the action was not brought within one year and that section 2164 of the General Statutes of Colorado barred within one year actions for slanderous words and libel. The court said:

"We do not think that the words contained in the notice are actionable per se. They convey no imputation upon

the character of the plaintiff as a man, neither do they impugn his integrity as a merchant or trader, or imply that he was insolvent or financially embarrassed * * *. It is provided by our statute of limitations that all actions for slanderous words and for libels shall be commenced within one year next after the cause of action shall accrue and not afterwards, Gen. Stat. Sec. 2164 * * *. More than a year has elapsed between the time of the service of the notice and the time of the commencement of the action and the suit was barred.''

The only case in this country which we have found to the contrary after diligent research is *Reliable Mfg. Co. v. Vaughan Novelty Mfg. Co.*, 294 Ill. App. 601, 13 N. E. (2d) 518. The opinion of this intermediate appellate court is not published in the reports and the decision was handed down by a divided court. The conclusion reached therein cannot be reconciled with that of the Supreme Court of Illinois in *Jones v. Barmm, Admx.*, 217 Ill. 381, 75 N. E. 505. In the latter case it was held that, under a statute providing that actions for slander and libel did not survive, an action for slander of title would not survive. In other words, it was held that an action for slander of title—although involving property only—is governed by a statute inhibiting the survival of causes of action in cases of libel or slander.

In *McDonald v. Green*, 176 Mass. 113, 57 N. E. 211, the court had under consideration a statute forbidding actions for slander to be commenced by trustee process. Trustee process was attempted to be issued in an action for slander of title. The court said:

''The alleged maliciously made false statement as to the plaintiff's property was an actionable wrong, if by reason of it plaintiff sustained special damage (cases cited). We have no doubt that such an action is an action of tort for slander within the meaning of

Pub. Sts. c. 183, § 1. There is no reason for limiting the words there used 'actions of tort * * * for slander either by writing or speaking' to actions for the writing or speaking of words defamatory of persons only."

■ We can see no substantial reason why the legislature would make any distinction between an action involving defamation of title to property and one based upon defamation of the person. A study of the historical development of the statutes of limitation in this state confirms us in the view that the limitation as to the commencement of actions for libel and slander is the same whether the slander involves property or the person.

The action was not commenced within one year after the cause accrued. It is therefore barred.

The judgment is reversed and the action dismissed.

BEAN, J., not sitting.