68 So.2d 180 (1953)
OLD PLANTATION CORP.
v.
MAULE INDUSTRIES, Inc.
Supreme Court of Florida. En Banc.
October 30, 1953.
Rehearing Denied December 12, 1953.
*181 Carl A. Hiaasen and McCune, Hiaasen & Kelley, Fort Lauderdale, for appellant.
Loftin, Anderson, Scott, McCarthy & Preston, Robert H. Anderson and D.P.S. Paul, Miami, for appellee.
DREW, Justice.
The principal question presented for our determination on this appeal is posed by appellant as follows:
"Does the two-year statute of limitation, relating to libel and slander (Section 95.11 (6), F.S.A.) govern an action which seeks to recover damages directly caused by the wrongful, intentional and malicious disparagement and impairment of the vendibility of the title to real property, or is the statute of limitation governing the same Section 95.11(4), F.S.A., which provides:
"`Actions other than those for the recovery of real property can only be commenced as follows:

* * * * * *
"`(4) Within four years.  Any action for relief not specifically provided for in this chapter.'" (Emphasis ours.)
The lower court held that the two-year statute was applicable and dismissed the complaint.
It will be noticed from the question presented that the words "an action which seeks to recover damages directly caused by the wrongful, intentional and malicious disparagement and impairment of the vendibility of the title to real property" are used to designate the type of action rather than the more commonly used expression "an action for slander of title." At the bar of this Court counsel for appellant ably argued that the term used in his posed question and quoted above was a more apt and proper designation of the type of action than the ancient "slander of title" designation. While we may agree that this argument is sound, the text-writers and the courts have used the expression interchangeably. For example, 33 American Jurisprudence, in Section 347 of the title "Libel and Slander," uses the phrase "For Slander or Disparagement of Title." The definition of "Slander of Title" in 53 C.J.S., Libel and Slander, § 269, page 391, is as follows:
"`Slander of title' may be defined as a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, or of some right of his, causing him special damage."
In the case of Woodard v. Pacific Fruit & Produce Co., 165 Or. 250, 106 P.2d 1043, 1045, 131 A.L.R. 832, the Supreme Court of Oregon, in passing on a very similar argument, said:
"Plaintiff contends that this is not an action for slander of title, but is an action on the case to recover damages for wrongful injury to his property. All actions for libel or slander are actions on the case, but not all actions on the case are for libel or slander. Regardless of what may be the proper name for this kind of action, we think it clear that it is based on false and malicious statements made concerning plaintiff's property.
"* * * An action for slander of title is based upon the false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, resulting in special damages. Cawrse v. Signal Oil Co., [164 Or. 666], 103 P.2d 729, 129 A.L.R. 174. The action is not for defamation of character of the person and is, therefore, distinguishable from ordinary libel or slander. As said in Burkett v. Griffith, 90 Cal. 532, 27 P. 527, 528, 13 L.R.A. 707, 25 Am.St.Rep. 151: `Although the term "slander" is more appropriate to the defamation of the character of an individual, yet the term "slander of title" has by use become a recognized phrase of the law; and an action therefor is permitted against one who falsely and maliciously disparages the title of another to property, whether real or personal, and thereby causes him some special pecuniary loss or damage.'
"In Potosi Zinc Co. v. Mahoney, 36 Nev. 390, 135 P. 1078, 1082, it is said: `The *182 original application of the term "slander" was applied more to words or utterances, the nature of which were defamatory to the character of an individual. The term, however, has been made applicable to utterances and words made with reference to property, whether real or personal.'"
We conclude, therefore, that the question presented must be disposed of on the basis that the action in the lower court is an action for slander of title and must be governed by the provisions of law applicable to such actions.
While there is authority to the contrary (and we shall refer to this later), we conclude that the great weight of authority in this Country is that the Statute of Limitations applicable to libel and slander is equally applicable to actions for slander of title. The nearest we have approached deciding this question is in the case of Lehman v. Goldin, 160 Fla. 710, 36 So.2d 259, where we held that the law applicable to actions for slander of title was stated in Sections 624, 625 and 626 of the Restatement of the Law of Torts and referred to 33 Am. Jurisprudence, Libel and Slander, Section 343 et seq., page 310 et seq. This case did not involve the Statute of Limitations but we did deal with the questions of "Slander of Title" and "Libel and Slander" as the same in characterizing the action itself. In this connection it is said in 33 Am.Jur., Libel and Slander, par. 354 (page 30 of 1953 Cumulative Supplement Pocket Part):
"The view adopted in a majority of the several American jurisdictions where the question has arisen is that in the absence of a statute expressly referring to actions for slander of title, a statute of limitations relative to actions for libel and slander is equally applicable to actions for slander of title? Thus, the time within which an action for slander of title must be instituted has been held to be governed by a statutory provision relative to actions for slander (or for libel and slander), rather than by a statutory provision relative to actions for trespass upon real property, for injury to property, for injuries to personal property, or for any injury to the person or `rights of another, not arising on contract,' and not `especially enumerated' in any other section of the statute of limitations."
53 C.J.S., Libel and Slander, § 278 (c), page 398, in discussing the applicability of a statute of limitation on libel and slander to an action for slander of title, said the following:
"The right of action for slander of title or property accrues from the time of publication. The time within which such actions must be commenced usually is regulated by statute. Although there is also authority to the contrary, such actions have been held to be governed by statutes of limitation applicable to ordinary actions for libel and slander."
A case squarely in point is Woodard v. Pacific Fruit & Produce Co., supra. In that case the court concluded by saying:
"We can see no substantial reason why the Legislature would make any distinction between an action involving defamation of title to property and one based upon defamation of the person. A study of the historical development of the statutes of limitation in this state confirms us in the view that the limitation as to the commencement of actions for libel and slander is the same whether the slander involves property or the person."
Also see Bush v. McMann, 12 Colo. App. 504, 55 P. 956; Buehrer v. Provident Mutual Life Ins. Co., 123 Ohio St. 264, 175 N.E. 25; Walley v. Hunt, 212 Miss. 294, 54 So.2d 393; Carroll v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y. 1937, 20 F. Supp. 405.
Appellant makes a most plausible argument that the wording of our statute plainly limits the two-year statute to actions for libel and slander and that actions for slander of title are governed by the general provisions of the four-year statute, principally because the latter action is one not specifically provided for in *183 Chapter 95, F.S. 1951. If it were not for the fact that the overwhelming weight of authority is to the effect that the same statute governs both actions, and that such had been the law of the land for so long, we might be persuaded to that view. Respect for the rule of stare decisis impels us to follow the precedents we find to have governed this question for so long. This is especially true where the argument to change is persuasive but not overwhelming. We think the greatest good will be achieved and the greatest stability in the law maintained by adhering to the weight of authority instead of plowing new ground, especially when the only result would be to enlarge the time within which an action for slander of title could be commenced.
This question, it is true, has not been decided by this Court, but the rule of stare decisis is not limited to previous decisions of the court where the rule is invoked. It has a much broader application. The rule and the reason for it are set forth in Broom's Legal Maxims, 7th Ed., page 118, as follows:
"It is, then, an established rule to abide by former precedents, stare decisis, where the same points come again in litigation, as well to keep the scale of justice steady, and not liable to waver with every new judge's opinion, as also because, the law in that case being solemnly declared, what before was uncertain and perhaps indifferent, is now become a permanent rule, which it is not in the breast of any subsequent judge to alter according to his private sentiments; he being sworn to determine, not according to his own private judgment (m), but according to the known laws of the land  not delegated to pronounce a new law, but to maintain the old (n)  jus dicere et non jus dare (o)."
We alluded to the fact earlier in this opinion that there was some authority contrary to the conclusions we have reached. In the quotation from 53 C.J.S., Libel and Slander, § 278(c), page 398, it is said: "although there is also authority to the contrary" the only decision cited in support of that statement is Reliable Mfg. Co. v. Vaughan Novelty Mfg. Co., 294 Ill. App. 601, 13 N.E.2d 518. As to the holding in that case, we agree with the conclusion of the Oregon Court in Woodard v. Pacific Fruit & Produce Co., supra, as follows:
"The only case in this country which we have found to the contrary after diligent research is Reliable Mfg. Co. v. Vaughan Novelty Mfg. Co., 294 Ill. App. 601, 13 N.E.2d 518. The opinion of this intermediate appellate court is not published in the reports and the decision was handed down by a divided court. The conclusion reached therein can not be reconciled with that of the Supreme Court of Illinois in Jones v. Barmm, Adm'x, 217 Ill. 381, 75 N.E. 505. In the latter case it was held that, under a statute providing that actions for slander and libel did not survive, an action for slander of title would not survive. In other words, it was held that an action for slander of title  although involving property only  is governed by a statute inhibiting the survival of causes of action in cases of libel or slander."
There is another proposition presented by appellant which arises out of the principal question. It relates to the date of the accrual of the cause of action. Appellant contends it is a continuing action which continues from day to day until the defendant's claim to the property is dissolved. We find no merit in this contention. The cause of action accrued when the wrongful acts alleged in the complaint were committed. The wrongful and malicious filing of the notice of lien by the appellees (as so alleged in the complaint) was the tort which gave rise to the action and the date the tort was committed marked the point the statute began to run. Appellee could have instituted suit on any day thereafter. Walley v. Hunt, 212 Miss. 294, 54 So.2d 393; King v. Miller, 35 Ga. App. 427, 133 S.E. 302.
The judgment is affirmed.
Affirmed.
TERRELL, SEBRING, HOBSON and MATHEWS, JJ., and HOLT, Associate Justice, concur.
THOMAS, Acting Chief Justice, dissents.