75 So.2d 217 (1954)
Edward M. CAREY, Appellant,
v.
S.A. BEYER and Mary T. Beyer, his wife, Appellees.
Supreme Court of Florida. Division A.
October 22, 1954.
Benjamin E. Carey, Miami, for appellant.
Leonard E. Treister and Morehead, Forrest, Gotthardt & Orr, Miami, for appellees.
TERRELL, Justice.
The point for determination in this case is whether or not the disability of insanity existing when the right of action for slander of title accrued and continuing for a period of time thereafter tolls the running of the statute of limitations.
It is settled in this State that actions for slander of title are controlled by the two year statute of limitations, Section 95.11(6), F.S.A.; Old Plantation Corp. v. Maule Industries, Inc., Fla., 68 So.2d 180.
Did complainant's disability of insanity toll the statute of limitations? In his brief he contends that the cause of action accrued October 11, 1949, but in his complaint he alleges that it accrued January 22, 1947. It is admitted that appellant was committed to the State Hospital at Chattahoochee July 6, 1939, that he was released therefrom on furlough July 25, 1949, and that he was discharged July 25, 1950. As to date of accrual of the action, appellant is bound by the allegation in his complaint. It is clear that his action was barred unless his insanity tolled the statute.
The general rule is that unless a statute of limitations contains a saving clause, relief from its provisions account of disability will not be granted. The statute in question contains an exception relative to recovery of real property but it does not help appellant who claims damages for slander of title. When the legislature *218 refuses to write exceptions into the act the courts have consistently refused to do so. 34 American Jurisprudence, page 162, Section 201; Dobbs v. Sea Isle Hotel, Fla., 56 So.2d 341. See also Faulk & Coleman v. Harper, Fla., 62 So.2d 62. In this holding we do not overlook appellant's contention that Section 95.20, F.S.A., authorizes this action. This statute has to do with actions for recovery of real property while the action here is based on tort and is not covered by the last-cited statute.
The judgment appealed from must be and is hereby affirmed.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.