Herbert A. **HOWARD** and Dorothy B. Howard, Appellants,

v.

H. Claude **HUDSON**, M. Earl Grant, Frank C. Noon, Flora C. Grant and J. P. Taylor, Appellees.

No. 15460.

United States Court of Appeals Ninth Circuit.

June 30, 1958.

Rehearing Denied Nov. 7, 1958.

Maury, Larsen & Hunt, (by John S. Hunt), Los Angeles, Cal., for appellants.

Sylvester Hoffman, Los Angeles, Cal., for appellees.

Before STEPHENS, Chief Judge, and BONE and CHAMBERS, Circuit Judges.

STEPHENS, Chief Judge.

This action was originally filed in the Superior Court of the State of California in and for the County of Los Angeles, but was removed to the United States District Court on the ground that Frank C. Noon, a defendant, was an officer of an agency in the Executive Branch of the Government of the United States, that is, Supervisory Agent for the Home Loan Bank Board, and that all acts done by him were done as an officer of the United States. Jurisdiction in the United States District Court was claimed under 28 U.S.C.A. § 1442(a) (1).

In the complaint originally filed, the plaintiffs set forth four causes of action, but the appeal now before us relates only to the third cause of action.

## The Complaint

It is alleged in the complaint that the plaintiff, Dorothy Howard, owns certain real property in Los Angeles, and that in 1948 she secured a loan from the Broadway Federal Savings and Loan Association and executed a promissory note secured by a deed of trust on the property. It is then alleged that the defendants unjustly, maliciously and unlawfully conspired to deprive plaintiff of her real property and caused to be prepared and recorded in the Los Angeles County Recorder's Office a purported Notice of Default under the trust deed, and that this Notice of Default remained a cloud on plaintiff's title until cleared by action in the California courts. It is also alleged that the defendants published a notice of trustee's sale of the real property in question in a Los Angeles newspaper. It is claimed by plaintiff that she was not in default upon the note at the time the notice of default and the notice of trustee's sale were published and that these notices were false and that the defendants knew them to be false. As a result therefrom, plaintiff claims that her enjoyment, use and disposition of the property in question was greatly limited, her interest depreciated, the value of the property decreased and that the property was rendered unmarketable. She sought and prayed for damages.

## The Defense

The defendants in their answer pleaded as a defense that the cause of action alleged in the third count was barred by § 340, subd. 3 of the California Code of Civil Procedure which places a one year statute of limitations on actions for libel and slander.[1] It was stipulated that the

---

1. § 340 Cal.Civ.Proc.
"Within one year:
* * * * *
"3. Libel, slander, assault, battery, false imprisonment, seduction, wrongful death, forged or raised check, injury to animal by feeder or veterinarian. An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or

for injury to or for the death of one caused by the wrongful act or neglect of another, or by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged or unauthorized endorsement, or against any person who boards or feeds an animal or fowl or who engages in the practice of veterinary medicine as defined in Business and Professions Code, Sec-

third count is for the recovery of damages for slander of title, but the plaintiffs contend that the applicable statute of limitations is that set forth in § 338, subd. 2 of the California Code of Civil Procedure which places a three year statute of limitation on an action for trespass or injury to real property.[2] It is admitted that this action was commenced more than one year after the claimed injury to the plaintiff's property. The matter of the applicable statute of limitations was submitted to the trial court, and the court ruled that the one year limitation of § 340, subd. 3 applied to the third cause of action. As a result the third cause of action was ordered dismissed with prejudice. This appeal followed.

### The Question Presented

The sole question presented on this appeal has to do with the applicable statute of limitations, whether it is § 340, subd. 3 or § 338, subd. 2 of the California Code of Civil Procedure. This question has never been passed upon specifically by the California courts, and in this situation the question is primarily one of state law. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. The defendants, appellees here, argue that inasmuch as this question has not been passed on in this setting by the California courts, this Court should rely on and apply general principles found in cases from other jurisdictions[3] and in this regard, it is urged that the overwhelming weight of authority is that an action for slander of title is governed by statute of limitations applicable to actions for slander and libel generally.

The real nature of the action must be kept in mind, so as to avoid the error of assuming that the law of personal slander governs. See Prosser, The Law of Torts, 2d Edition, § 108.

Although the appellate courts of the State of California have not passed on the question of the applicable statute of limitations, the Supreme Court of California, in dealing with a venue question under 392 of the Code of Civil Procedure, said, in Coley v. Hecker, 206 Cal. 22, 272 P. 1045, 1047,

> " * * * the owner of the slandered title is given the right to bring and maintain the action in the county where the real property is situated, upon the theory that the action is one in which the determination of the owner's right or interest therein is properly adjudicated, and for the additional reason that slander of title is an injury to real property."

The Court then went on to say

> "The phrase 'slander of title' is a figure of speech in which the title is personified. In the instant case, the phrase seems to be an anomaly as applied to a situation which, strictly speaking, is a libel upon the title, inasmuch as the damage was accomplished by the recordation of a written document, and no spoken words were uttered. However, the term 'slander of title' includes both spoken and written means by which the right of property may be invaded and a right of action exists, irrespective of the means by which the title is traduced. This is so because a property right has been invaded—an injury to real property has been sustained."

This language of the highest court of the state is entitled to great weight, and this view of "slander of title" as an injury to property is repeated in Smith

---

tion 4826, for such person's neglect resulting in injury or death to an animal or fowl in the course of boarding or feeding such animal or fowl or in the course of the practice of veterinary medicine on such animal or fowl."

**2.** § 338 Cal.Civ.Proc.
"Within three years:
  *      *      *      *      *
  2. An action for trespass upon or injury to real property."

**3.** United States v. Marshall, 9 Cir., 230 F.2d 183.

v. Stuteman, 79 Cal.App.2d 708, 181 P.2d 123, 124. In the Smith case the question was whether an action for slander of title survived the death of the defendant, § 574, Probate Code. The question there was whether a trespass on real property which survives the death of a defendant includes an action for slander of title. In holding that it did, the Court pointed out that trespass has a broadened meaning today and now includes consequential injuries to realty such as an action for slander of title, as well as direct physical injuries.

We quote from Smith v. Stuteman, 79 Cal.App.2d 708, 181 P.2d 123, 124:

"Slander of title is a tort action for redress of an invasion of a particular property right, that of immediate salability of the property involved. Coley v. Hecker, 206 Cal. 22, 27, 272 P. 1045; Restatement, Torts, sec. 624. *As a cause of action arising out of a violation of a property right it survives the death of its owner.* Civil Code, sec. 954; Wikstrom v. Yolo Fliers Club, 206 Cal. 461, 464, 274 P. 959. It has been held that it necessarily follows that such a cause of action also survives the death of the defendant. Vragnizan v. Savings Union, etc., Co., 31 Cal.App. 709, 713, 161 P. 507. (Emphasis supplied.)

"Respondent contends, however, that in California the survival of causes of actions involving property rights after the death of the defendant is governed exclusively by sections 573 and 574 of the Probate Code, and that section 574 alone applies to the insant case. Assuming these contentions to be correct (without so deciding), the question is presented whether section 574 authorizes the survival of the cause of action of slander of title to real property."

In the face of this reasoning by the California courts, it would seem that an action for "slander of title" to real property is within the three year limitation applicable to "an action for trespass or injury to real property" rather than within the one year limitation provision [§ 340, subd. 3]. The trial judge was in error in holding that this action was controlled by § 340, subd. 3, which deals with personal injuries, such as libel, slander, assault, battery, false imprisonment, seduction and injuries resulting from negligence.

The cases cited by the appellee do not compel a contrary decision. Woodward v. Pacific Fruit & Produce Co., 165 Or. 250, 106 P.2d 1043, dealt with an interference in business relations, and though the Court chose to denominate the action as one for slander of title, it is not similar to the case now before the Court. Buehrer v. Provident Mutual Life Ins. Co., 123 Ohio St. 264, 175 N.E. 25, involves a distinction limiting a suit for trespass to only those cases involving a physical injury, a position which California rejects in Smith, supra. Bush v. McMann, 12 Colo.App. 504, 55 P. 956, dealt with an injury to personal property. McDonald v. Green, 176 Mass. 113, 57 N.E. 211, classifies a slander of title with personal slanders, a position the California courts clearly reject in Coley and Smith, supra. Walley v. Hunt, 212 Miss. 294, 54 So.2d 393, 397, turns on a particular Mississippi statute which includes "all actions for slanderous words concerning the person or title * * *" and hence has no application here. Carroll v. Warner Bros., D.C., 20 F.Supp. 405, involves an injury to personal property or business relationships. In the decisions in Old Plantation Corp. v. Maule Industries, Fla., 68 So.2d 180, and Carey v. Beyer, Fla., 75 So.2d 217, the applicable statutes did not specify a special statute of limitations for injuries to real property as is done in the State of California.

The judgment of the District Court is reversed.

CHAMBERS, Circuit Judge (concurring).

I concur in the result.