CHARLES CARROLL, Chief Judge.
The appellee Clara Gottesman is the widow of the decedent Sam Gottesman, who died on February 19, 1964. They had married in 1956. Nathan Gottesman is the decedent’s son by a prior marriage, and is his only child.
On February 20, 1967, Nathan Gottes-man, as executor, filed a complaint in the circuit court in Dade County, against the appellee Clara Gottesman. The complaint contained the following allegations:
“That a short time prior to the death of decedent, funds deposited in various *213 banks in New York and Florida in the name of the decedent, and his sole property, were shifted and redeposited in such a way so that at that time and upon his death, these funds became accessible and in the possession of the defendant, Clara Gottesman.
“That the defendant did thereby by improper means and undue influence, misrepresent the ramifications and results of the transfer of these funds. That these transactions were not properly represented or disclosed to the deceased, nor was he able to comprehend the results of said transactions. Said transactions were also conducted without a full disclosure or knowledge of the decedent.”
The defendant Clara Gottesman answered, admitting that she and the decedent moved to Florida several months prior to the latter’s death and that he was in bad health, but denying the allegation that he was in poor mental condition, and denying that the transfer of the bank accounts as alleged was done by improper means or undue influence.
After depositions were taken of the parties and of an attorney, the defendant Clara Gottesman filed a motion for summary judgment, with supporting affidavits. The trial court entered two orders on the motion for summary judgment. The first order, dated April 5, 1968, granted the defendant’s motion for summary judgment, but did not enter judgment. The second order, dated July 25, 1968, recited the making of the prior order, and entered the summary judgment in favor of the defendant. In the order granting defendant’s motion for summary judgment, the trial court held it was disclosed without genuine issue that the statute of limitations had run, and the order then provided: “That the defendant’s motion for summary final judgment be and the same is hereby granted on the ground that F.S.A. Sec. 95.11(5) (c) is applicable and bars the cause of action and on that ground only.” [1] Separate appeals filed by the plaintiff from the two orders were consolidated.
The appellant takes the position that the statute of limitations invoked by the trial court was not applicable, contending the cause of action was one to set aside the transfers for fraud and undue influence, and that paragraph (d) of subsection (5) of section 95.11 Fla.Stat., F.S.A. is controlling. That section or subsection provides a three year statute of limitations for “an action for relief on the ground of fraud,” and states that the cause of action will not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. Appellant then argues it was only after the personal representative of the decedent was appointed following his death that the fraud was determined, which was less than three years prior to suit, and therefore that the action was timely filed.
Those postulations are fallacious. The changes or transfers of the bank accounts were made in January of 1964, approximately a month before Sam Gottesman died, and the suit was filed more than three years thereafter, on February 20, 1967. The evidence which was before the court on motion for summary judgment showed that the facts upon which the claimed cause of action to set aside the bank account transfers for fraud or undue influence was based, were known by the decedent prior to his death, since it was disclosed that he took active part in the transfers and consulted a lawyer who confirmed the effectiveness thereof. Thus the cause of action alleged by appellant was one which arose more than three years prior to suit, and as the statute of limitations contained no saving clause, a disa *214 bility of Sam Gottesman, if such existed, would not have operated to toll the applicable three year statute of limitations. Carey v. Byer, Fla.1954, 75 So.2d 217.
Affirmed.

. The statutory section invoked by the court allowed three years within which to file suit upon “an action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property.”