JOSEPH ALBANO & another *vs.* HARRY L. IDE & another. May 26, 1977. The plaintiffs' declaration contained sixteen counts charging the defendants individually with various defamations and slanders of title (also called disparagement of title, see *Landstrom* v. *Thorpe,* 189 F. 2d 46, 51 [8th Cir.], cert. den. 342 U. S. 819 [1951]) to a certain right of way passing over land owned by one or both of the defendants. The action was tried to a jury. At the close of the plaintiffs' case the defendants moved for directed verdicts on all counts. The motion was allowed on all but counts numbered three and four. The jury returned verdicts for the plaintiff Joseph against the defendant Harry on each of these counts, assessing no monetary damages on count three and $850 on count four. Both defendants moved for judgment notwithstanding the verdict. The motion was granted as to count three, presumably because of the jury's failure to find the special damages required for disparagement of title (see *Gott* v. *Pulsifer,* 122 Mass.

Rescript Opinions.

235, 238 [1877]; *McDonald* v. *Green,* 176 Mass. 113, 114 [1900]) but denied as to count four. Both defendants brought this appeal. The plaintiffs' cross appeal was dismissed under Standing Order No. 17 of the Appeals Court, adopted July 1, 1975. The only issue before us is whether the defendants' motion for a directed verdict on count four should have been granted. In count four, framed as an action sounding in libel (and so construed by the judge in his charge), Joseph alleged that Harry falsely and maliciously wrote that Joseph was a trespasser on certain land owned by Harry. We have examined the letter which forms the basis for this count. This letter, sent by Harry to persons with whom Joseph was negotiating for the sale of a certain right of way, informed them that Joseph had no right to convey the right of way and that they would be considered trespassers if they came on the land. Nowhere in the letter does Harry state or insinuate (*Mabardi* v. *Boston Herald-Traveler Corp.* 347 Mass. 411, 413 [1964]) that Joseph had himself trespassed on Harry's land. The object of Harry's letter, judging from its language, appears to have been to uphold and maintain his own title to the property rather than to attack Joseph's character. Compare *Boynton* v. *Shaw Stocking Co.* 146 Mass. 219, 221 (1888). As matter of law, the words in question "cannot be reasonably understood in a defamatory sense." *Muchnick* v. *Post Publishing Co.* 332 Mass. 304, 305 (1955). See generally *Borski* v. *Kochanowski,* 3 Mass. App. Ct. 269, 272-274 (1975). In these circumstances Harry proceeded in a reasonable manner to protect his presumed property interest. See generally *Squires* v. *Wason Mfg. Co.* 182 Mass. 137, 140-141 (1902). As the defendant Lorraine was not aggrieved by the judgment, the appeal is dismissed as to her. The judgment against the defendant Harry on count four is reversed, and a new judgment is to be entered for the defendant Harry as to that count.

*So ordered.*

*William C. Flanagan,* for Harry L. Ide, submitted a brief.