Argued January 8, reversed and remanded February 12, petition for rehearing denied March 16, 1976

SHENEFIELD et al, *Appellants,*

*v.*

AXTELL, *Respondent.*

545 P2d 876

*James Scudder,* Portland, argued the cause and filed briefs for appellants.

*Robert J. Miller, Sr.,* Portland, argued the cause for respondent. With him on the brief was Hanna & Purcella, Portland.

O'CONNELL, C. J.

## O'CONNELL, C. J.

Plaintiffs seek to recover damages upon the theory of slander of title. The trial court sustained defendant's demurrer to plaintiffs' complaint. Plaintiffs appeal.

Plaintiffs' complaint alleges that they are in possession of certain described property; that defendant is the sole stockholder of Cascadia Development, Inc.; that on June 23, 1967, plaintiff Alida Shenefield was the sole owner of the property and that by mesne conveyances the property was deeded to Cascadia Development, Inc. as trustee only, for the benefit of plaintiff only. The complaint then goes on to allege as follows:

"II

"Although defendant and/or his corporation, Cascadia Development, Inc. have never had and do not now have any interest in said real property except as trustee for the benefit of Alida Shenefield, defendant did cause title thereto to be placed in the name of Cascadia Development, Inc. and in spite of the fact that in case No. 373-777 in the Circuit Court of the State of Oregon for the County of Multnomah a judgment was entered that defendant does not own said real property and is not entitled to collect any rent for the occupancy thereof, defendant has maintained on the records of Multnomah County, Oregon a claim of title thereto in his own name individually and/or his said solely owned corporation; and although repeated demands orally and in writing were made upon defendant to cause any such claim of title to be removed from the records of Multnomah County, Oregon, defendant has failed and refused to do so and has claimed and continued to claim title interest in said real property; that by virtue of the premises plaintiffs have been unable to sell said real property and convey marketable title thereto although they have had buyers ready, willing and able to purchase said property, all to plaintiffs' general damages in the amount of $7500.

"III

"That said acts of defendant were not only wrongful

but were coupled with greed and malice on the part of defendant and plaintiffs are entitled to punitive damages and $12,500 is a reasonable amount to be allowed plaintiffs against defendant for punitive damages."[1]

Defendant asserts that the demurrer was properly sustained both on the ground that the complaint fails to state a cause of action for slander of title and on the ground that the complaint reveals on its face that the statute of limitations bars plaintiffs' action.

■ The elements of a cause of action for slander of title are enumerated in *Cawrse v. Signal Oil Co.,* 164 Or 666, 670, 103 P2d 729, 129 ALR 174 (1940), as follows: "(1) The uttering and publication of the slanderous words by defendant; (2) the falsity of the words; (3) malice; and (4) special damages."

■ The allegation of uttering and publication is made out by the recitation in the complaint that the defendant has maintained on the records of Multnomah County a claim of title to the land held in trust for plaintiff Alida Shenefield.[2] The falsity of defendant's claim is made out in the allegation that defendant wrongfully refuses to remove his claim from the record. Malice is expressly alleged. Defendant argues that the complaint does not allege any special damages.[3]

The complaint does allege that "plaintiffs have been unable to sell said real property and convey marketable title thereto although they have had buyers ready, willing and able to purchase said property." Defendant argues that this is not specific enough to

[1] The complaint also contained another count which alleged that defendant breached his fiduciary obligation by mortgaging the property and retaining the proceeds while allowing the encumbrance to remain recorded against the property. Since we hold that the other count was not demurrable, it is not necessary to consider the sufficiency of the above allegations.

[2] *See Cawrse v. Signal Oil Co.,* 164 Or 666, 103 P2d 729, 129 ALR 174 (1940); Prosser on Torts (4th ed 1971), p. 918, n. 38; Anno., 39 ALR2d 840 (1955).

[3] The term special damages in this context means a pecuniary loss resulting from the presence of the recorded encumbrance or other claim of interest.

satisfy the rules of pleading which, it is asserted, are enforced with peculiar strictness in slander of title cases. As is so frequently the case where the rules of pleading are concerned, the courts have differed in their views as to the specificity with which special damages must be alleged in slander of title actions.[4] Some courts have required that plaintiff allege and prove damage as the result of the loss of a sale in a specific instance;[5] others sustain a pleading which alleges generally that the slander rendered the property unmarketable.[6]

■  In *Hubbard v. Scott,* 85 Or 1, 12, 166 P 33 (1917), this court said:

> "* * * The accepted rule is that a plaintiff in an action for damages for slander of title must allege and prove special damages, and it will not be enough merely to allege in general terms that the complaining party intended to sell to any person who might buy; but he must allege and prove the loss of a sale to some particular person, for the loss of a sale to some particular person is the special damage, and is the gist of the action [citations omitted]."

It is not clear what the court meant when it said that the plaintiff "must allege and prove the loss of a sale to some particular person." Assuming, without deciding, that this decree of certainty in pleading is still necessary today, the allegation that plaintiffs had buyers ready, willing and able to purchase the property but that they were unable to sell the property to them because of the recorded claim would, in our opinion, be an allegation of a loss of sale to particular persons. Certainly plaintiffs should not be required to specifi-

---

[4]Cases are collected in the Annotation: What amounts to special damages in action for slander of title, 150 ALR 716 (1944).

[5]*Zimmerman v. Hinderlider,* 105 Colo 340, 97 P2d 443, 447 (1939) and cases cited therein; *Shell Oil Co. v. Howth,* 138 Tex 357, 159 SW2d 483, 490 (1942) and cases cited therein; and *Clarkston Community Corp. v. Asotin County Port Dist.,* 3 Wash App 1, 472 P2d 558 (1970).

[6] *Coley v. Hecker,* 206 Cal 22, 272 P 1045 (1928); *Glass v. Gulf Oil Corp.,* 96 Cal Rptr 906, 910, 12 Cal App3d 412, 424 (1970).

cally identify the prospective buyers, or the time or the circumstances of the abortive transaction.

It is our conclusion, then, that the complaint sufficiently stated a cause of action for slander of title and that the demurrer should not have been sustained for the insufficiency of the complaint.

██ Defendant argues that the complaint was demurrable on the ground that it revealed on its face that the period of limitations had run and barred the action. We agree with plaintiffs that the complaint cannot be so construed because plaintiffs' cause of action begins to run, not from the date when defendant's claim was recorded, but from the time the sale was lost,[7] and since the time when the latter occurred does not appear upon the face of the complaint it was not demurrable.

We agree with defendant that the applicable statute of limitations is ORS 12.120(2).[8]

Reversed and remanded.

---

[7] *See Kidd v. Hoggett,* 331 SW2d 515 (Tex Civ App 1959), and Annotation, 39 ALR2d 840 at 860-861 (1955).

[8] *See Woodard v. Pacific Fruit & Produce Co.,* 165 Or 250, 106 P2d 1043, 131 ALR 832 (1940).