Argued and submitted December 11, 1981, reversed and
remanded for further proceedings February 22, 1982

HUITT,
*Plaintiff-Respondent,*
*v.*
MICHAEL R. SMITH, aka Michael
Reed Smith, aka Mike Smith,
*Defendant, Third-Party
Plaintiff-Appellant,*
SPENCE,
*Third-Party Defendant.*

(No. 6591, CA A21046)

641 P2d 70

J. Michael Doyle, Gresham, argued the cause for appellant. With him on the brief was Larson and Sharp, Gresham.

Herman W. Winter, Heppner, waived appearance for plaintiff-respondent.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

ROBERTS, Judge Pro Tempore.*

---

* Appointed to Supreme Court February 8, 1982.

**ROBERTS, J.,** Pro Tempore.

Plaintiff filed a complaint alleging that defendant is indebted to plaintiff in the amount of $4,000 and asked for a judgment for that amount plus interest. Plaintiff was granted summary judgment, and defendant appeals. We reverse.

Defendant's answer admitted that he borrowed the money from plaintiff but alleged that "during the month of March, 1979, defendant gave to Bonnie Ann Smith, his wife and the sister of plaintiff, $4,000 to be paid to plaintiff in payment of the money loaned to defendant and defendant was never informed that the money was not paid to plaintiff." Defendant also filed a third-party complaint, naming his former wife as defendant and alleging that in March, 1979, while married to third-party defendant, he gave her approximately $10,000 out of which sum she was to have paid plaintiff $4,000.

Plaintiff then filed a motion for summary judgment with no accompanying affidavits, documents or depositions. Defendant filed an affidavit and memorandum in opposition to plaintiff's motion, stating, *inter alia,* that "I believe that the plaintiff, June C. Huitt, and her sister, my former wife, are working together trying to collect money from me which they are not entitled to collect" and "I admitted that I had not paid plaintiff the money she claims because I did not give the money directly to her. I did, however, give the money to her sister and rightfully assumed that it was given to plaintiff."

Third-party defendant filed a motion asking the court to separate and segregate the third-party complaint and to change the venue of the third-party action from Morrow County to Multnomah County. The court granted that motion and granted summary judgment to plaintiff. Defendant appeals the granting of summary judgment.

Summary judgment is appropriate only when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978); *Bear Creek v. Hopkins,* 53 Or App 212, 631 P2d 808 (1981). It is well established that

"[t]he moving party has the burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. The record on summary judgment is viewed in the light most favorable to the party opposing the motion. *Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 P2d 1014 (1978); *Taylor v. Baker,* 279 Or 139, 566 P2d 884 (1977); *Santilli v. State Farm,* 278 Or 53, 59, 562 P2d 965 (1977); *Forest Grove Brickworks v. Strickland,* 277 Or 81, 84-85, 87, 559 P2d 502 (1977). This is true even as to those issues upon which the opposing party would have the trial burden. 6 P.T. *[sic]* 2 Moore, Federal Practice § 56.23 (2d ed 1976)." *Seeborg v. General Motors Corporation, supra,* 284 Or at 699.

■ ■ Defendant in this case has alleged that (1) plaintiff was in fact paid, although she was not paid directly by him; (2) payment was made by a third person, his wife, who he was entitled to believe paid the money; and (3) he has no knowledge that his wife did not pay the money to plaintiff. The court must draw all inferences from the pleadings, affidavits and other supporting documents against the moving party. *Uihlein v. Albertson's Inc.,* 282 Or 631, 580 P2d 1014 (1978); *Paulsen v. Continental Porsche Audi,* 49 Or App 793, 620 P2d 1384 (1980). The inference to be drawn from defendant's answer and affidavit is that plaintiff has been repaid the money which defendant borrowed. That is a question of fact. Summary judgment should not have been granted.[1]

Reversed and remanded for further proceedings.

---

[1] In view of our determination of this case the trial court may choose to reconsider its order separating and segregating the third-party complaint and allowing the change of venue.