## DIAMOND,
*Appellant,*

*v.*

## HUFFMAN et al,
*Respondents.*

(80-6-194; CA A24204)

667 P2d 1040

Paul H. Gunderson, Beaverton, argued the cause and filed the briefs for appellant.

John S. Folawn, Portland, argued the cause for respondents. With him on the brief was Holmes, DeFrancq & Schulte, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this action, plaintiff alleges that, because of defendants' wrongful failure and refusal to remove a lien on plaintiff's property, he was unable to obtain a construction loan and that he sustained damages as a result. The trial court allowed defendants' motion for summary judgment, and plaintiff appeals. We affirm.

The essential facts are not in dispute. On February 26, 1970, plaintiff and his then wife became the contract purchasers of a vendee's interest in a parcel of land (referred to by the parties as the "Beavercreek property"). On December 23, 1974, wife assigned her interest in the property to Huffman, an attorney in partnership with Barnes, in consideration for his representing her in a divorce proceeding and as security for the payment of his fees. On December 26, 1974, the assignment to Huffman was recorded, and wife filed her dissolution suit against plaintiff. The dissolution decree entered August 8, 1975, awarded the Beavercreek property to plaintiff, free of any interest of wife. There was no provision for attorney fees.

Plaintiff thereafter decided to build a house on the Beavercreek property and to finance the construction through a loan from the Department of Veterans' Affairs. In a preliminary title report dated April 12, 1978, a title insurance company informed plaintiff of Huffman's lien on the property. Plaintiff, through his attorney, demanded that Huffman release the lien. He refused to do so. On May 17, 1978, plaintiff complained to the Oregon State Bar concerning that refusal to remove "this cloud" on his title. On July 31, 1978, the Department of Veterans' Affairs notified plaintiff that no funds would be forthcoming unless the title were cleared. The Bar initiated disciplinary proceedings against Huffman, with the result that he was reprimanded for violating "his ethical obligation as a member of the Bar" by refusing to release his security interest in plaintiff's property. *In re Huffman,* 289 Or 515, 523, 614 P2d 586 (1980). On October 4, 1978, Huffman executed a quitclaim deed transferring his interest in the property to plaintiff. He explained in an accompanying letter to plaintiff's attorney that he had consulted "with other attorneys and a retired judge" and that "[i]t is the consensus of

opinion that any interest given by Mrs. Diamond was automatically extinguished when the court awarded the property to Mr. Diamond."

On June 11, 1980, plaintiff filed this action, asserting two claims for relief: negligent failure to remove the lien and intentional interference with his contract with the Department of Veterans' Affairs to secure financing to construct a home on the Beavercreek property. The trial court allowed defendants' motion for summary judgment on the grounds that (1) Huffman was under no *legal duty* to remove his lien and, therefore, plaintiff had failed to state a claim, and (2) plaintiff's claim "is in reality for slander of title" and barred by the statute of limitations.

Plaintiff assigns error to the court's granting defendants' motion for summary judgment and challenges both grounds on which the court's decision is based. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47C. We review the record in the light most favorable to the party opposing the motion. *Huitt v. Smith*, 56 Or App 74, 76-77, 641 P2d 70 (1982).

We need not consider whether Huffman was under a legal duty to release his security interest in plaintiff's property, because we conclude that, in any event, this action is barred by the applicable statute of limitation. Although plaintiff contends that his claims are for negligence and intentional interference with contract, we agree with the trial court that "plaintiff's claim is in reality for slander of title."[1] ORS 12.120(2) provides that "[a]n action for libel or slander shall be commenced within one year." This statute establishes the period of limitation for defamation of title actions. *Shenefield v. Axtell*, 274 Or 279, 545 P2d 876 (1976) (slander of title to real property); *Woodard v. Pacific F & P Co.*, 165 Or 250, 106 P2d 1043 (1940) (slander of title to produce). Plaintiff contends that, assuming his claim is for slander of title, ORS 12.080(3) is the controlling statute.

---

[1] Slander of title consists of (1) uttering and publishing slanderous words; (2) falsity of the words; (3) malice; and (4) special damages, usually that the plaintiff lost a ready, willing and able buyer. *Shenefield v. Axtell*, 274 Or 279, 282-83, 545 P2d 876 (1976).

"An action for waste or trespass upon *or for interference with or injury to any interest of another in real property,* excepting those mentioned in ORS 12.050, 12.060, 12.135 and 273.241 * * * shall be commenced within six years." (Emphasis supplied.)

Although, arguably, the emphasized language is broad enough to include plaintiff's claim, it was added to ORS 12.080(3) in 1973 (Or Laws 1973, ch 363, § 1), and three years *later* the court held in *Shenefield* that ORS 12.120(2) governs such actions. We are bound by that decision.

Plaintiff commenced this action on June 11, 1980. There is no dispute but that the cause accrued more than one year before that date. Therefore, his claim is barred by ORS 12.120(2).

Affirmed.