775 P.2d 741

**UTAH INTERNATIONAL, INC. and Employers Insurance of Wausau, Plaintiffs–Appellants,**

v.

**CATERPILLAR TRACTOR COMPANY, Defendant–Appellee.**

**No. 10137.**

Court of Appeals of New Mexico.

Feb. 21, 1989.

Certiorari Denied April 18, 1989.

Michael Morow, Walter R. Kegel, Kegel Law Firm, P.C., Espanola, Roger D. Higgins, Beth D. Bradley, Franklin H. Perry, Thompson, Coe, Cousins & Irons, Dallas, Tex., for plaintiffs-appellants.

Kenneth L. Harrigan, Timothy R. Van Valen, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendant-appellee.

## OPINION

MINZNER, Judge.

Plaintiffs appeal from the district court's order granting defendant's motion to dismiss for failure to state a claim. Plaintiffs' amended complaint sought tort damages under theories of strict liability and negligence for injury to a coal hauler which plaintiff Utah International bought from defendant.

Defendant contended in its motion to dismiss that plaintiffs' losses were not recoverable in a tort action. We agree.

We hold that between parties in a commercial setting, when there is no large disparity in bargaining power, economic loss arising from a product injuring itself cannot be recovered in a tort action for either strict products liability or negligence in New Mexico. We therefore affirm the trial court's decision. However, there are presently pending on appeal two motions that we impose sanctions, the first by defendant and the second by plaintiffs. Because those motions raise factual issues, we remand the case to the trial court for disposition. We discuss these motions prior to addressing the merits of the appeal.

## MOTIONS FOR SANCTIONS.

This case was originally scheduled for oral argument in November 1988. At plaintiffs' request, it was rescheduled for January 1989. A few days before the scheduled argument, defendant filed a motion seeking to postpone argument and to obtain sanctions against plaintiffs for alleged violations of a protective order issued by the district court to protect confidential information obtained during discovery. Defendant requested, among other sanctions, that the appeal be dismissed. This court postponed action on the motion to allow plaintiffs time to respond. Oral argument on the merits of the appeal was heard as scheduled.

Both parties have now filed briefs on the motion for sanctions. Plaintiffs' response includes a motion requesting sanctions against defendant for alleged violation of SCRA 1986, 1-011, in making its motion. Both parties have requested oral argument on the motions. We note the protective order in question was issued by the district court; it has become abundantly clear that the issue of whether sanctions should be applied to either party requires resolution of factual questions. However, this court had reached a decision on the merits prior to completion of briefing on the motion. Therefore, recognizing both the gravity of the allegations and the factual nature of the determination, we have decided to reach the merits of the appeal, but to remand this case to the district court for further proceedings after mandate has issued from this court. We deny the requests for oral argument on the motions. Defendant has asked that we seal some of the material filed in connection with its

motion for sanctions. We grant that request.

MOTION TO DISMISS.

▮ Upon the appeal of a motion to dismiss, all facts which are well-pled in plaintiffs' complaint are accepted as true. *Vigil v. Arzola,* 101 N.M. 687, 687 P.2d 1038 (1984); *Romero v. U.S. Life Ins. Co. of Dallas,* 104 N.M. 241, 719 P.2d 819 (Ct. App.1986). Thus, we accept the following allegations from plaintiffs' amended complaint as true for purposes of this appeal.

Defendant designed, manufactured, and sold a coal hauler to Utah International. Utah International used the coal hauler in the manner in which it was intended. While being so used, one of the hydraulic hoses on the coal hauler ruptured and sprayed hydraulic fluid onto hot surfaces in the engine. The fluid ignited, causing a fire and damaging the coal hauler.

Plaintiffs allege that defendants are liable under both negligence and strict liability for the fire, because it was caused by defective design and manufacture of an unreasonably dangerous coal hauler. They also assert defendants are liable for negligent manufacturing, selling, and marketing of an unreasonably dangerous coal hauler and for negligent failure to warn plaintiffs of defects in the coal hauler. Plaintiffs' complaint requested damages for the replacement of the coal hauler and loss of use of the coal hauler. No other injuries were alleged by plaintiffs.

Courts considering whether economic loss arising from damage to the product itself can be recovered in a tort action have taken three different approaches. *See East River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). The majority of cases preclude recovery of such damages in a tort action, limiting recovery to what might be obtained under the law of contracts. *See, e.g., Seely v. White Motor Co.,* 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 (1965) (En Banc). Another line of cases allows the recovery of economic losses in a tort action under all circumstances. *See, e.g., Santor v. A & M Karagheusian, Inc.,* 44 N.J. 52, 207 A.2d 305 (1965); *but see*

*Spring Motors Distribs., Inc. v. Ford Motor Co.,* 98 N.J. 555, 489 A.2d 660 (1985) (rejecting *Santor* in the commercial context). A third group of cases takes an intermediate position, allowing these damages to be recovered in tort actions only if the defective product created an unreasonable risk of harm to persons or property other than the defective product. *See, e.g., Northern Power & Eng'g Corp. v. Caterpillar Tractor Co.,* 623 P.2d 324 (Alaska 1981).

Plaintiffs urge us to adopt the intermediate theory, which attempts to distinguish between products that are merely disappointing to the buyer and products that are dangerous to persons and property. Plaintiffs argue that this position is better-reasoned and avoids conflict with several Tenth Circuit cases interpreting New Mexico law on this issue. Plaintiffs further argue that even if the majority position is adopted, its claim for negligent failure to warn is not barred.

Three Tenth Circuit cases have attempted to construe New Mexico law on this issue. *Colonial Park Country Club v. Joan of Arc,* 746 F.2d 1425 (10th Cir.1984); *Allen v. Toshiba Corp.,* 599 F.Supp. 381 (D.N.M.1984); *Sharon Steel Corp. v. Lakeshore, Inc.,* 753 F.2d 851 (10th Cir.1985).

Both *Colonial Park* and *Allen* applied the majority rule that economic losses cannot be recovered in a tort action. *Colonial Park* concerned contaminated food sold to a country club, which served the food to its members and their guests. Thirty-three persons became very ill and two died as a result of consuming the contaminated food. The country club brought suit against the maker of the food for expenses and lost profits incurred as a result of the incident. *Allen* concerned photocopiers sold to a retail dealer by the manufacturer. The photocopiers had a tendency to emit smoke and catch on fire. The dealer brought suit against the manufacturer because the defects in the machines lowered their value.

The third case, *Sharon Steel,* allowed recovery in negligence for economic loss under the intermediate theory, which allows recovery if the defect creates an un-

reasonable risk of injury to persons or other property. The plaintiffs in *Sharon Steel* brought suit against the manufacturer of a sheave wheel shaft. They alleged the shaft was not manufactured according to design specifications, causing the breakage of the shaft and damage to the sheave wheel and the mine shaft.

Plaintiffs contend that the facts in this case are similar to those in *Sharon Steel* and suggest the other two cases are not persuasive authority. We disagree.

The persuasiveness of *Sharon Steel* has been undermined by a recent unanimous United States Supreme Court decision, *East River*. Indeed, the opinion upon which *Sharon Steel* relied for the intermediate theory, *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165 (3rd Cir.1981), has been called into question in the wake of *East River*. *See Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110 (3rd Cir.), *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 111 (1987). *East River* was decided in the context of admiralty law, but the reasoning used by the Court is directly in point, as it is based on traditional tort and contract concepts rather than admiralty law. The Court in *East River* adopted the majority position, which does not allow recovery of economic loss in tort actions for injury of a product to itself. The Court offered several reasons for not adopting the position that allows recovery for economic loss if the defect creates an unreasonable risk of harm:

> The intermediate positions, which essentially turn on the degree of risk, are too indeterminate to enable manufacturers easily to structure their business behavior. Nor do we find persuasive a distinction that rests on the manner in which the product is injured. We realize that the damage may be qualitative, occurring through gradual deterioration or internal breakage. Or it may be calamitous. But either way, since by definition no person or other property is damaged, the resulting loss is purely economic. Even when the harm to the product itself occurs through an abrupt, accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain—traditionally the core concern of contract law.

476 U.S. at 870, 106 S.Ct. at 2302 (citations omitted).

We find the Court's reasoning in *East River* compelling. We believe it is important to establish consistency in this area. The case law to which we have been cited as well as the case law we have found indicates a clear trend toward the approach of *East River*. We expect the trend to continue because of the authority of a unanimous decision of the United States Supreme Court.

Therefore, we hold that, in commercial transactions, when there is no great disparity in bargaining power of the parties, *see East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. at 873, 106 S.Ct. at 2303, economic losses from injury of a product to itself are not recoverable in tort actions; damages for such economic losses in commercial settings in New Mexico may only be recovered in contract actions. We so hold in order to allow commercial parties to freely contract and allocate the risk of defective products as they wish. The buyer may bargain for additional warranties from the seller and pay a higher price, or may forego warranty protection entirely in order to obtain a lower purchase price. Insurance against economic loss is readily available to the party who wishes to acquire it, and in a commercial setting we believe insurance provides adequate protection to the party who suffers a loss from injury of a product to itself. We specifically do not address the question of whether the same rule should apply to non-commercial consumers who suffer similar injuries.

Plaintiffs allege that the tractor and trailer portions of the coal hauler are severable units, so that one product actually injured another product. We will not, however, engage in dissecting a commercial unit into its component parts to determine if one component injured another. *See East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. at 867, 106 S.Ct. at

2300. In any case, the facts upon which this appeal is based are those in plaintiffs' amended complaint. *Vigil v. Arzola; Romero v. U.S. Life Ins. Co. of Dallas.* The amended complaint does not allege that the tractor and trailer are severable units. We will not reverse the trial court's order of dismissal on this basis.

Plaintiffs contend that their claim for negligent failure to warn is independent from the claims which they brought in strict products liability and negligence, and therefore that claim should not be barred. Plaintiffs rely upon *McConnell v. Caterpillar Tractor Co.*, 646 F.Supp. 1520 (D.N. J.1986), in support of this argument. *McConnell* distinguished between negligence in manufacture, for which economic loss cannot be recovered, and negligence in failing to warn of known defects after the product is on the market, for which the court would allow recovery of economic loss. However, we believe that the same policy considerations which apply to defects in manufacturing also apply to failure to warn of defects. Post-*East River* cases other than *McConnell* appear to apply broadly the rule prohibiting tort recovery for economic loss. *See Florida Power & Light Co. v. Westinghouse Elec. Corp.*, 510 So.2d 899 (Fla.1987); *Frey Dairy v. A.O. Smith Harvestore Prod., Inc.*, 680 F.Supp. 253 (E.D.Mich.1988). Thus, we hold that in commercial settings claims for economic loss from a product injuring itself due to negligent failure to warn are also precluded from recovery.

CONCLUSION

For these reasons, we conclude that plaintiffs are barred from recovery in this suit. The injury upon which plaintiffs' claim was based was caused by a defect in the product which was damaged. No other injury occurred. Thus, plaintiffs' only claim is for economic loss. We have decided that in commercial settings when there is no large disparity in bargaining power, economic losses from a product injuring itself cannot be recovered in actions for strict products liability or negligence in manufacture or failure to warn. Thus, plaintiffs' complaint stated no cause of ac-tion upon which recovery could be granted. We therefore affirm the trial court's dismissal of the action but remand to permit the trial court to consider the motions for sanctions. No costs are awarded.

IT IS SO ORDERED.

ALARID and HARTZ, JJ., concur.