**CANICE McFARLANE, Plaintiff**

v.

**JONES MASONRY and NATHANIEL HOBSON, Defendants**

Civil No. 691/1988

Territorial Court of the Virgin Islands

Div. of St. Croix

March 9, 1990

ESZART A. WYNTER, ESQ., St. Croix, V.I., *for plaintiff*

LEE J. ROHN, ESQ., St. Croix, V.I., *for defendants*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This matter comes before the Court on defendant Jones Masonry's (hereinafter "Jones") motion for summary judgment and plaintiff's (hereinafter "McFarlane") motion to remove defendants'

counsel. For the reasons articulated below, both motions will be denied.

## FACTS AND PROCEDURAL HISTORY

On August 3, 1989, McFarlane instituted an action sounding in contract against Jones and co-defendant Nathaniel Hobson (hereinafter "Hobson"). McFarlane alleged in the complaint that both Jones and Hobson breached a settlement agreement which was executed by the parties. Hobson is employed in a supervisory capacity with Jones Masonry Construction Company. It is alleged that Hobson negligently collided with McFarlane's vehicle while Hobson was within the scope of his employment. Jones Masonry Construction Company is owned by Jones, and the collision occurred on May 20, 1988 while Hobson was on his way to work for the company.

On September 27, 1988 McFarlane amended her complaint. Count I of the amended complaint maintained McFarlane's contract allegations. However, in Count II, McFarlane alleged imputed negligence upon Jones via respondeat superior. Jones is the registered owner of the vehicle which Hobson was driving when he collided with McFarlane's vehicle. Both Jones and Hobson answered, denying the Count I contract claim, denying that Hobson was acting within the scope of his employment at the time of the accident and denying any negligence by Jones and Hobson.

The two motions were filed as a result of information obtained by the parties during discovery. During oral deposition of Hobson, Hobson testified that on the date of the accident he was on his way to work but had not begun any work-related activities. He further testified that the vehicle was loaned to him by Jones because he needed it to do some overnight work, and the accident occurred when he was returning the vehicle. Jones and Hobson thereafter filed their motion for summary judgment. McFarlane filed a response in opposition to the motion for summary judgment and filed a separate motion urging the Court to remove the defendants' counsel from the case because of conflict of interest. The defendants filed a response in opposition to McFarlane's motion for removal of their counsel and attached an affidavit in support therefor stating that they knowingly waive any conflict of interest which may exist.

45

## DISCUSSION

*MOTION FOR SUMMARY JUDGMENT*

Jones' and Hobson's motion for summary judgment is directed specially and solely to McFarlane respondeat superior claim.

██ Summary judgment is granted only when there is no genuine issue of material fact. Childers v. Joseph, 842 F.2d 689 (3d Cir. 1988). An issue is genuine if a reasonable finder of fact, considering the evidence presented, could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The party moving for summary judgment has the burden of establishing the evidence which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 316, 325 (1986).

██ There are three prerequisites for a successful negligence action premised on respondeat superior. The plaintiff must establish (1) a master/servant relationship; (2) negligence on the part of the servant; and (3) the servant's negligent conduct occurred while he was within the scope of his employment. In the case, sub judice, Jones and Hobson concede a master/servant relationship between Jones and Hobson. See Restatement (Second) of Agency § 220 (1958). There is insufficient information before the Court to make a summary disposition as to Jones' and Hobson's negligence with regard to the accident. Celotex, 477 U.S. at 325. The only issue which is adjudicable here is whether at the time of the accident Hobson was acting within the scope of his employment.

██ Jones and Hobson argue that summary judgment should lie because at the time of the accident Hobson was going to work. Since Hobson had not arrived at work and performed any work-related activity, he was acting within the scope of his employment. The general rule is that an employee is not within the scope of his employment while going to and coming from work. See Van Osdol v. Knappton Corp., 775 P.2d 744, 746 (1988); Dhanraj v. Potomac Elec. Power Co., 488 A.2d 512, 514 (1985); affirmed Dhanraj v. Potomac Elec. Power Co., 506 A.2d 224 (1986). The apparent policy justification for this general rule is that an employee is responsible for going to and coming from work. Restatement (Second) of Agency § 229, Comment d (1958).

██ There is an exception to the general rule, however. If the employee's conduct is necessarily incidental to his employment and is

46

actuated, at least in part, by a purpose to further the master's business, an inference could be drawn that the employee's conduct occurred within the scope of his employment. Id. §§ 228 and 229.

■ On the day of the accident, Hobson was travelling to work as a supervisor with Jones Masonry Construction Company. The accident occurred after 6:00 a.m., and Hobson's work began at 7:00 a.m. The accident occurred while Hobson operated a vehicle which was owned by Jones. Although the mere fact that an employer supplies a vehicle does not establish that the employee who avails himself of it is within the scope of his employment while upon it,[1] sufficient evidence of record exists that reasonable jury could draw an inference that at the time of the accident, Hobson was acting within the scope of his employment for Jones Masonry Construction Company. Summary judgment is, therefore, not proper.

## MOTION TO REMOVE DEFENDANTS' COUNSEL

The disposition of the defendants' motion for summary judgment makes McFarlane's motion to remove defendants' counsel moot since McFarlane's conflict of interest argument is premised upon the Court's granting the defendants' motion for summary judgment. Nevertheless, the Court is compelled to set the record straight. The Virgin Islands Bar Association adheres to the Model Code of Professional Responsibility adopted by the American Bar Association. See 5 V.I.C. App. V, R. 57(e)(2). Rule 1.7 of the ABA Model Rules of Professional Conduct prohibits a lawyer from representing a client if that representation will be directly adverse to another client unless the lawyer reasonably believes that such representation will not be directly adverse to the other client; and each client consents to such representation after consultation.[2]

■ McFarlane has not established that the defendants' lawyer reasonably believes that representing one defendant will be directly adverse to the other defendant. Further, there is evidence of record that both Jones and Hobson consented, after consultation, to be represented by the same lawyer. Although the Court understands McFarlane's concern, it does not find the conflict of interest which is proscribed by the aforementioned rule. The motion to remove defendants' counsel is therefore denied.

---

[1] See Restatement (Second) of Agency § 229, comment (d) (1958).

[2] The ABA Model Rules of Professional Conduct were adopted by the House of Delegates of the American Bar Associations in August, 1983.

## CONCLUSIONS

For all of the foregoing reasons, Jones' and Hobson's motion for summary judgment is denied and McFarlane's motion to remove defendants' counsel is denied.

## ORDER

This matter comes before the Court on defendant Jones Masonry's motion for summary judgment and plaintiff McFarlane's motion to remove defendants' counsel. In accordance with the Court's memorandum opinion of even date, it is hereby

ORDERED that defendant Jones Masonry's motion for summary judgment is DENIED; and it is further

ORDERED that plaintiff's motion to remove defendants' counsel is DENIED.

