NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY STRONG, | No. 18-35086 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-01498-MC |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, AKA Freddie Mac, as trustee for securitized trust Freddie Mac Multiclass certificates, series 2998; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Mary Strong appeals pro se from the district court's judgment dismissing her

action against Federal Home Loan Mortgage Corporation ("Freddie Mac") and

other defendants alleging claims related to a mortgage loan on her real property.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Strong's slander of title claim as barred by the statute of limitations. *See Diamond v. Huffman*, 667 P.2d 1040, 1042 (Or. App. 1983) (one-year statute of limitations for slander of title claims).

The district court properly dismissed Strong's quiet title claim because Strong failed to plead superior title. *See Coussens v. Stevens*, 113 P.3d 952 (Or. Ct. App. 2005) (setting forth requirements for quiet title action, and explaining that a plaintiff must rely on the strength of her own title and not on the weakness of a defendant's title).

The district court properly dismissed Strong's "lack of standing to foreclose" and declaratory relief claims because Strong did not allege that any defendants had sought to foreclose on the property.

**AFFIRMED.**